# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TIMOTHY BARKER,<br><br>       Plaintiff,<br><br>       v.<br><br>MATTHEW DIVRIS, et al.,<br><br>       Defendants. | Civil Action No. 24-cv-10089-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                    July 31, 2024

*Pro se* plaintiff Timothy Barker, who is confined at the Massachusetts Treatment Center, brings this action in which he alleges that, while confined at the North Central Correctional Institution ("NCCI"), a "John Doe" correction officer damaged his television during a search of his cell. D. 1. Barker brings this action against this John Doe ("Doe") correction officer, NCCI Institution Grievance Coordinator Anthony Findley, and NCCI Superintendent Matthew Divris. Barker has also moved for leave to proceed *in forma pauperis*, a motion to preserve evidence, and a motion to have the United States Marshals Service ("USMS") to complete service. For the reasons stated below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 2, DENIES the motion to preserve evidence, D. 3, DENIES the motion for service by the USMS, D. 4, and directs Barker to file an amended complaint if he wishes to proceed.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, D. 2. the Court concludes that Barker has adequately demonstrated his inability to prepay the filing fee. Accordingly, this motion, D. 2, is ALLOWED. The $55 administrative fee is waived, but Barker

1

must pay the $350 statutory filing fee, see 28 U.S.C. § 1914(a), over time.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assess an initial partial filing fee of $37.58.  The remainder of the $350.00 statutory fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this Order to the treasurer of the institution having custody of Barker.

**II.      Review of the Complaint**

Summonses have not issued pending the Court's preliminary review of the complaint.  The Court may review the complaint of a person proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asserts claims for monetary damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In addition, the Court is required to conduct a preliminary review of a complaint brought by a prisoner against a government unit or employee.  See 28 U.S.C. § 1915A.  In conducting this review, the Court liberally construes the complaint because Barker is proceeding *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

      **A.      Barker's Factual Allegations and Legal Claims**

           **1.      Damage to Barker's Television**

Barker alleges that, on November 7, 2023, Doe threatened Barker with physical restraint and disciplinary action if he did not leave his housing unit.  D. 1 ¶¶ 18, 32, 33.  According to Barker, he was told that the prisoners were being removed from their housing units for a "shakedown" so that new correction officers could be trained.  Id. ¶ 19.  Barker claims that, when he returned to his housing unit after the shakedown, he discovered that his personal television had been damaged to the point that it was no longer operable.  Id. ¶ 20.

Barker further claims that he unsuccessfully submitted an informal grievance concerning the matter, after which he filed a formal grievance with Findlay.  Id. ¶¶ 22-24.  Barker alleges that

Findlay denied the grievance, representing that he had checked all televisions after the training shakedown, and that they were all in working order. Id. ¶ 24. Barker represents that Divris denied his subsequent appeal of the denial of his grievance. Id. ¶ 26.

### 2. Alleged Denial of Access to the Courts

Barker alleges that, approximately one week after Divris denied his grievance, "he was preparing to submit grievances pertaining to staff misconduct concerning the targeting of certain offenders and LGBTQIA+ incarcerated persons by those staff responsible for overseeing the search." Id. ¶ 27. Barker further alleges that, prior to his submission of this grievance, Findlay "responded to the grievance of a similarly situated incarcerated individual claiming the same misconduct." Id. ¶ 28. Barker claims that Findlay "threatened the individual with disciplinary action for grieving an ongoing staff misconduct issue." Id. Barker maintains that this threat "intimidated and coerced" him, "along with several others, into foregoing their submission of grievances of these ongoing issues, thereby preventing them from pursuing claims in [the] Court, due to the restrictions of the Prison[ ] Litigation Reform Act." Id.

### 3. Causes of Action

Barker asserts five claims. In Count I, Barker asserts a claim under 42 U.S.C. § 1983 ("§ 1983") against Doe for a violation of his right to due process. Id. ¶ 32. Barker claims that Doe "negligent or intentionally destroy[ed] his television," and that, because "no adequate state-level post-deprivation remedy exists, such deprivation violated the Due Process Clause of the Fourteenth Amendment." Id.

In Count II, Barker brings a claim under the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12, § 11I ("MCRA"), against Doe, claiming that Doe "did threaten, coerce, and intimate

3

Plaintiff to leave his assigned housing so that an opportunity could be taken to permanently deprive Plaintiff of his property." Id. ¶ 33.

In Count III, Barker asserts two claims against Findlay: a § 1983 claim for violating his right of access to the courts and a MCRA claim for "threaten[ing], coerc[ing], or intimidat[ing] Plaintiff and similarly situated persons by . . . communicat[ing] that he would pursue frivolous disciplinary proceedings against those who filed grievances of ongoing issues." Id. ¶ 34. Barker again alleges that this threat cut off his access to the courts because it prevented him from using the prison grievance procedure. Id.

Count IV is a claim under 42 U.S.C. § 1985 ("1985") against all the defendants for conspiring to deprive him of his property in violation of his rights under the Fourteenth Amendment. Id. ¶ 35. In Count V, Barker also asserts a claim against all defendants, but under the Massachusetts Tort Claims Act, Mass. Gen. L. c. 258 ("MTCA") for negligent infliction of emotional distress and "mental anguish." Id. ¶ 36.

**B.     Discussion**

To state a claim upon which relief may be granted, a complaint must, *inter alia*, comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In so reviewing the complaint, the Court accepts factual matter as true, but the Court "is not bound to accept as true a legal conclusion couched as a faction allegation." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly v. Bell Atlantic Corp., 550 U.S. 544, 555 (2007)).

### 1. Count I—Deprivation of Property Without Due Process

Count I fails to state a claim for deprivation of Barker's property without due process. It is well-established that an official's unauthorized and unforeseen taking of property does not constitute a violation of the Due Process Clause "until and unless [the State] refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Parratt v. Taylor, 451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125 (1990) (stating that, to determine whether a procedural due process violation has occurred, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate" and that "[t]his inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law"); Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992) (stating that "Parratt and Hudson teach that if a state provides adequate postdeprivation remedies—either by statute or through the common-law tort remedies available in its courts—no claim of a violation of procedural due process can be brought under 1983 against the state officials whose random and unauthorized conduct occasioned the deprivation").

Although Barker alleges that "no adequate state-level post-deprivation remedy exists" to seek relief for the destruction of his television, this is not a factual allegation that the Court must presume to be true, but a legal conclusion that conflicts with relevant law. Barker could, for example, bring a state law tort claim for conversion. See, e.g., Facella v. Commonwealth, 100 Mass. App. Ct. 1107, 2021 WL 4057344, at *1 (2021) (unpublished summary decision) (holding that, because state tort law provided an inmate with an adequate postdeprivation remedy with regard to unlawful disposal of his personal property, his due process claim failed and citing Hudson); see also Toney v. Guerrioro, 633 F. Supp. 3d 404, 408 (D. Mass. 2022) (and cases cited.

5

### 2.  Count III—Right of Access to the Courts

Barker's § 1983 claim in Count III for denial of his right of access to the courts also fails to state a claim upon which relief may be granted.  "It is axiomatic that prisoners have a constitutionally-protected right of meaningful access to the courts." Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000).  However, "a prisoner must show actual injury in order to demonstrate a violation of the right of access to the courts." Id. at 43 n.5.  "Actual injury" is defined as "a nonfrivolous legal claim [being] frustrated or . . . impeded." Id. (quoting Lewis v. Casey, 518 U.S. 343, 343 (1996)).  Here, Barker does not identify a "nonfrivolous claim" he was unable to bring in a court because of Findlay's threat of repercussions for filing a particular type of grievance.

### 3.  Count IV—Conspiracy to Deprive Barker of his Property

Section 1985 provides, in relevant part, a cause of action against persons who conspire to deprive "any person or class of persons of the *equal protection* of the laws." 42 U.S.C. § 1985(3) (emphasis added).  A conspiracy is not actionable under § 1985 unless it "involve[s] 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  Here, Barker fails to state § 1985 conspiracy claim at least because he does not allege that the defendants acted with a class-based discriminatory intent.

### 4.  Remaining State Law Claims

At this time, the Court does not review the sufficiency of the state law claims.  Barker invokes the Court's federal question subject matter jurisdiction with regard to his claims under § 1983 and § 1985 and the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) with regard to his claims under MCRA (Counts II and III) and the MTCA (Count V).  D. 1 at ¶¶ 1, 2.  Unless Barker is able to state a claim over which the Court has federal question jurisdiction (i.e.,

a claim under federal law), the Court will decline to exercise its supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction") and, therefore, does not address the viability of the state law claims asserted in the present complaint.

### III.  Motion to Preserve Evidence

In his motion to preserve evidence, D. 3, Barker asks that the Court order the preservation of certain video surveillance footage of his housing unit for the morning of November 7, 2023 and of his damaged television.  The motion is DENIED without prejudice to renewal if Barker files a viable, amended complaint and the Court orders summonses to issue.

### IV.  Motion for Service by the USMS

The motion for service by the USMS, D. 4, is DENIED without prejudice.  If the Court allows summonses later to issue, pursuant to 28 U.S.C. § 1915(d), the Court will allow Barker to ask the USMS to complete service with all costs to be advanced by the United States.

### V.  Conclusion

For the foregoing reasons, the Court orders as follows:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assess an initial partial filing fee of $37.58.  The remainder of the $350.00 statutory fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2); and

2. The motion to preserve evidence, D. 3, is DENIED without prejudice; and

3. The motion for service by the USMS, D. 4 is DENIED without prejudice; and

4.      If Barker wishes to proceed with this action, he must, by August 28, 2024, file an amended complaint in which he plausibly states a claim for relief over which this Court would have federal question jurisdiction.  Failure to do so likely will result in dismissal of this action.

**So Ordered.**

>                /s/ Denise J. Casper
>                Denise J. Casper
>                United States District Judge